LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01927 BRO (PJWx) | Date | April 7, 2015 |
|---|---|---|---|
| Title | ANDY JANG ET AL. V. ASSET CAMPUS HOUSING, INC. ET AL. | | |

Present: The Honorable **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:
Not Present  Not Present

**Proceedings:** (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

As the Court explained in its prior order to show cause, a federal court must determine its own jurisdiction even if there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, a federal district court has jurisdiction over a civil class action in which the class has minimum diversity and more than 100 members and in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

On March 16, 2015, Defendant Asset Campus Housing, Inc. removed the underlying action to this Court pursuant to 28 U.S.C. § 1332(d). (Dkt. No. 1.) In its notice of removal, Defendant sufficiently demonstrated that there exists minimal diversity between the parties, and the parties agree that the putative class exceeds 100 members. (*Compare* Compl. ¶ 15, *with* Not. of Removal ¶ 8.) It was unclear, however, whether the amount in controversy exceeded $5,000,000. Accordingly, on March 23, 2015, the Court issued an Order to Show Cause why this case should be not be remanded for lack of subject matter jurisdiction. (Dkt. No. 9.) On April 2, 2015, Defendant filed its response, and on April 3, 2015, Plaintiff filed a reply. (Dkt. Nos. 10–11.)

In its response, Defendant appears to make two mathematical errors in attempting to demonstrate that the amount in controversy exceeds $5,000,000. First, Defendant fails to include actual damages in the grand total it presents at the end of the response. (Dkt. No. 10 at 6.) Second, and more significantly, Defendant miscalculates the potential

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-01927 BRO (PJWx) | Date | April 7, 2015 |
|---|---|---|---|
| Title | ANDY JANG ET AL. V. ASSET CAMPUS HOUSING, INC. ET AL. | | |

damages under California Civil Code section 1950.5(1).  Defendant begins by multiplying two separate security deposits totaling $1150 by the 1231 potential class members.  (Dkt. No. 10 at 6.)  As Plaintiff points out in reply, however, $1150 is the aggregate of *two separate* security deposits, not one.  Therefore, $1150 is not an accurate figure for a single putative class member with only one move-in and one move-out.  Instead, a more appropriate calculation would use a figure of $575, or one-half of $1150.

Unfortunately, Plaintiff's calculations are also incorrect.  Plaintiff argues in reply that Defendant's final figure should simply be cut in half for purposes of determining the amount in controversy.  But Plaintiff ignores both that some portions of the total are unaffected by Defendant's deposit error and that Defendant forgot to include actual damages in its final total.

Using the numbers provided by Defendant in its response to the Court's Order to Show Cause, the Court calculates the amount in controversy as follows:  Potential damages under California Civil Code section 1950.5(1) are (($575 x 1231) x 2) = **$1,415,650**.  Potential damages for restitution total ($50 x 1231) = **$61,550**.  Under Defendant's assumption that punitive damages will double the amount of actual damages, punitive damages may reach (($1,415,650 + $61,550) x 2) = **$2,954,400**.  In total, including *Defendant's* projection of **$500,000** in attorney's fees, the amount in controversy appears to be ($1,415,650 + $61,550 + $2,954,400 + $500,000) = **$4,931,600**, which is still below CAFA's $5,000,000 threshold.

Accordingly, the Court therefore once again **ORDERS** Defendant to show cause why this case should not be remanded to state court lack of subject matter jurisdiction.  Defendant must respond by Monday, April 13, 2015.

**IT IS SO ORDERED.**

: 

Initials of Preparer    rf