```
KARL P. SCHLECHT (SBN 182294)
JUDY Y. CHIANG (SBN 210648)
ERIK S. VELIE (SBN 252446)
ELI A. GORDON (SBN 252823)
KIMBALL, TIREY & ST. JOHN LLP
240 Main Street, Suite 500
Irvine, California 92614
Phone: (949) 476-5585
Fax:    (949) 502-6556
```

FILED
CLERK, U.S. DISTRICT COURT
SEP 30 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Defendant,
ASSET CAMPUS HOUSING, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY JANG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSET CAMPUS HOUSING, INC.,<br><br>Defendants. | Case No.: 2:15-cv-1927-BRO (PJWx)<br><br>**STIPULATED AGREEMENT AND [~~PROPOSED~~] PROTECTIVE ORDER** |

*Note changes at page 8, ¶ 4. This protective order does not govern under seal filings nor does it authorize the parties to file documents under seal. If any party seeks to file documents under seal, it is required to follow Local Rule 79-5.*

1
Case No. 2:15-cv-1927 BRO (PJWx)
STIPULATED AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

*PJW*

Plaintiff Andy Jang ("Plaintiff") and Defendants Asset Campus Housing, Inc. and Property Solutions International, Inc. ("Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties"), through their respective attorneys of record, hereby stipulate and agree that all documents, information and material produced in this case shall be reviewed, used, disclosed and/or disseminated solely for the purposes of this litigation in accordance with the terms set forth below.

**WHEREAS,** the parties in the above-titled matter may seek to discover certain broad categories of documents which may encompass certain intellectual property, and/or confidential, proprietary, business, financial and trade secret information from each other, and

**WHEREAS,** the Parties' attorneys have reasonably conferred on the scope of this Stipulated Agreement, the Parties do hereby agree to the following:

**1.    Scope.**

(a)    The protection of this Stipulated Agreement may be invoked and shall be applied on a narrowly-tailored basis to protect only documents, materials, items, or information that contain, reflect, or incorporate information that is lawfully entitled to confidential treatment under existing California or Federal law (hereinafter "Confidential Information"), including but not limited to trade secrets defined by California Civil Code § 3426.1(d), financial information, personal information, customer information, information submitted to a governmental office but subject to a public policy of confidentiality, or other highly sensitive research, development, production, commercial or business information.

(b)    Confidential Information produced by any party or nonparty as part of discovery in this litigation may be designated by such party or nonparty as: (a) "Confidential"; or (b) "Highly Confidential – Attorneys' Eyes Only" only under the terms of this Stipulated Agreement. Blanket-designation of documents or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" *en*

*masse* and/or without regard to the specific contents of each document or piece of information, is prohibited. Upon request, a producing party or nonparty shall produce, if possible, a redacted, public version of a document that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(c) As a general guideline, information or materials designated as "Confidential" shall be any information or materials that the producing party reasonably believes constitute or include proprietary business or financial information, or personal information or information furnished to it in confidence by any third party, which information is not known or freely accessible to the general public, and is entitled to protection as provided herein consistent with applicable law.

(d) As a further general guideline, information or materials designated as "Highly Confidential – Attorneys' Eyes Only" shall be any information or materials that a producing party reasonably and in good faith believes constitute trade secrets or other highly sensitive research, development, production, commercial, or business information (including but not limited to proprietary information, contracts, bids, partner or end-user information, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, pricing, research and development documents, financial statements, and other financial or budgetary documents) that might reasonably be of value to the party requesting the document and might reasonably pose a commercial disadvantage to the producing party if disclosed to the party requesting the document, and that is entitled to protection as provided herein consistent with applicable law. Absent a specific order by the Court, once designated as "Highly Confidential – Attorneys' Eyes Only," such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

(e) Any person designating documents, testimony, or other information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" asserts that he believes in good faith that such material, including but not limited to any documents, deposition testimony, written responses to discovery, or other information or materials produced or disclosed during discovery or trial in this case, as well as all pleadings, testimony, exhibits or any other materials, including but not limited to copies, summaries or abstracts of such materials, contains or discloses intellectual property, trade secrets, confidential or proprietary technical, financial or business information, or any other commercially sensitive information that should not be disclosed to anyone except the Parties, their counsel in this litigation (including in-house counsel as described below), and their experts.

(f) Documents, testimony, or other information that is lawfully obtained or obtainable from publicly available sources may not be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

2. **Designation of Documents and Depositions.**

**(a) Documents.**

(i) Designation of a document or group of documents produced by any party or third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be made by conspicuously stamping "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the document(s) or group(s) of documents at or before the time of production.

(ii) Any third party to this action that produces documents or provides testimony in this action, either voluntarily or by compulsory process, may designate any Confidential Information produced by that third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Stipulated Agreement to the same extent the Parties may so designate. Furthermore, and notwithstanding the requirements of Paragraph 2(a)(i), all documents produced by a third party shall be treated as "Highly Confidential –

Attorneys' Eyes Only" for a period of thirty (30) days following the date of their production.

(iii) At any time during the thirty (30) day period after which a third party has produced documents, any party to the action may designate any of said documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the provisions of the Stipulated Agreement. The party designating any third-party document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall provide written notice of the designation to all parties to the action and to the party that produced said document.

(c) **Deposition testimony.**

(i) Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be made by a statement on the record by counsel for the party or any third party making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Stipulated Agreement: the Parties, the Parties' experts, the court reporter, the deponent, and the deponent's attorney. Portions of such deposition transcripts shall be clearly marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the cover or on each page, as appropriate.

(ii) Any party or third party may designate portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by informing counsel for each other party in writing within thirty (30) days of the receipt of the deposition transcript (the "Confidentiality Designation Period") that it seeks to designate "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Until such time as the Confidentiality Designation Period has elapsed, neither party shall

disclose or use such transcripts or the information contained therein, without treating such information as "Highly Confidential – Attorneys' Eyes Only." Thereafter each such document or transcript shall be treated in accordance with the terms of this Stipulated Agreement. Any person who receives actual notice of any designation of previously produced documents or deposition transcripts as containing Confidential Information shall treat the information as if it had been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time he first received it and shall mark all copies in his possession accordingly.

    **(c)**    **Written Discovery Responses.**

        (i)    In the case of information produced or incorporated in the form of answers to interrogatories, requests for admission, or other written discovery responses, the appropriate confidentiality designation shall be placed in front of the specific answer or response being designated, or on the caption page and also on each page if all of the answers or responses to a particular set of discovery requests are so designated.

    **3.**    **Limitation on Disclosure of Confidential Information.**

    (a) Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

        (i)    Parties' outside counsel in this action and regular and temporary employees of such counsel to whom it is necessary the information or material be shown for the purposes of this litigation;

        (ii)    any person who is listed on the designated document as an author or recipient;

        (iii)    with respect to (a) documents where the author or recipient is an entity and (b) documents that are executed or authorized by an entity, any

employee or representative of that entity who was involved in the drafting, negotiation, review, or execution of the document;

   (iv) outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this litigation, provided that such experts, advisors, or consultants shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business. Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action;

   (v) the Court, its secretaries, clerks, and law clerks;

   (vi) deposition and court reporters and their support personnel employed in connection with this action;

   (vii) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action;

   (viii) non-technical jury or trial consulting services retained by counsel for a party; and

   (ix) any other person only upon order of the Court or upon prior written consent of the party producing the Confidential Information or material; and

   (x) Parties and employees of the Parties whose assistance is needed by counsel for the purposes of this litigation.

  **(b)** Information or material designated as "Highly Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   (i) all of the persons listed in Paragraph 3(a)(i)-(ix); and

(ii) in-house attorneys and legal staff of a party who have reason to view designated documents or groups of documents.

    **(c)** Before any person described in paragraphs 3(a) (iv), (vii), (viii), (ix) or 3(b) (ii) receives or is shown any document or information that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," such person shall be given a copy of this Stipulated Agreement and agree in writing, in the form of the Acknowledgement and Agreement attached hereto as Exhibit A, to be bound by its terms. The original and each Acknowledgement and Agreement shall be maintained by counsel. Any counsel may require another counsel to provide a copy of the Acknowledgement and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

    **(d)** Nothing in this Stipulated Agreement shall prevent a party or nonparty from using or disclosing its own materials that it has designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**4. Filing Under Seal.**

Any papers sought to be filed with the Court that contain or reveal Confidential Information and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be filed under seal in accordance with the rules of the Court to preserve the Confidential Information therein.

**5. Challenge to Confidentiality Designation.**

Where any party or third party disagrees with the confidentiality designation of a document or other material, that party has the right to challenge such a designation by written objection. Objections to the confidentiality designation of any document or material shall be served on all Parties, and if the document was produced by a third party, shall be served on the party that produced the document. Any party or third party that asserts the confidentiality of a document or other material as "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" shall, within seven (7) days of receiving such objection, attempt to resolve the issue by meeting and conferring with the party who objects to the designation. If the Parties, and, in the case of documents produced by a third party, the person who produced the document, cannot informally resolve the objection to the designation within the seven (7) day period following receipt of the objection, then the party challenging the confidentiality of the material may, at any time during the pendency of the litigation, file a motion requesting that the Court change the confidentiality designation of the materials at issue. The party or third party asserting confidentiality of documents or other information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall ultimately bear the burden of demonstrating the need for the designation. Pending resolution of any dispute, all documents and information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be protected as such under this Stipulated Agreement.

### 6. Survival of Stipulated Agreement – Return of Documents.

(a)   This Stipulated Agreement shall continue in effect until otherwise ordered by the Court. Where the validity of the Stipulated Agreement is challenged by either party, proper notice and an opportunity to be heard in accordance with the requirements of the Federal Rules of Civil Procedure must be afforded to the Parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Stipulated Agreement of his obligations hereunder. The Court shall retain jurisdiction after such final determination or settlement to enforce this Stipulated Agreement. Subject to Paragraph 5 above, upon completion of the litigation, all Confidential Information as defined in Paragraph 1(b) above, whether originals or copies, shall be destroyed or returned to counsel for the producing party, except that documents on which any person has made notations may be destroyed. Within sixty days of the conclusion of this litigation, the

attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made.

(b)    Except as provided in paragraphs 4 or 6, documents or things containing the other party's or any third party's Confidential Information shall at all times be in the physical possession of those persons qualifying under paragraph 3, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

### 7. Use of Documents at Trial.

This Stipulated Agreement, except as provided in paragraph 4, shall not apply to information designated or marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder that is used during trial in this action. The Parties hereby reserve their rights to use, or seek to limit the disclosure of, Confidential Information at trial.

### 8. Use of Own Documents by Producing Party.

Nothing in this Stipulated Agreement shall limit the use by any party, person or entity of documents or information produced or authored by him or his employer.

### 9. Disclosure of Confidential Information to Third Parties.

Nothing in this Stipulated Agreement shall be construed to confer upon any third party the right to access any Confidential Information produced by either party in this action except to the extent that said Confidential Information may be disclosed pursuant to paragraph 3 hereof.

### 10. Applications to Court.

(a)    This Stipulated Agreement shall not preclude or limit any party's right to oppose or object to discovery on any ground that would be otherwise available. This Stipulated Agreement shall not preclude or limit any party's right to seek in camera review or to seek lesser, further and/or additional protection against or

limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b) Any person to or by whom disclosure or inspection is made in violation of this Stipulated Agreement, and who has knowledge of this Stipulated Agreement, shall be bound by its terms.

(c) If any person violates or threatens to violate this Stipulated Agreement, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. All persons subject to this Stipulated Agreement agree that the Court shall retain jurisdiction over them for the purposes of enforcing this Stipulated Agreement, including, but not limited to issuing an injunction, imposing sanctions, or holding any person in contempt of court.

(d) If any deponent required by this Stipulated Agreement to execute the written Acknowledgment and Agreement described in paragraph 3(c) refuses to do so, the Parties may complete the deposition on other matters or adjourn it and move the Court for any appropriate relief, including (without limitation) an order that the deponent shall execute the written agreement described in paragraph 3(c), or an order that deponent shall be bound by the terms of this Stipulated Agreement. Any nonparty whose Confidential Information is the subject of such a motion shall be given notice thereof. Alternatively, if any individual deponent refuses to execute the Stipulated Agreement, the Parties shall not disclose any Confidential Information to that individual.

**11. Agreement to Cooperate.**

The Parties and their respective attorneys of record agree that, when a party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in paragraph 3(c), the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his deposition by an attorney of record for any

party hereto (including any member or associate of their respective law firms). An attorney's request to sign an acknowledgment shall not be construed as legal advice to the deponent or a waiver of any position concerning confidentiality, but shall and may be stated to be a request to facilitate discovery.

**12.   No Admissions.**

Neither entering into this Stipulated Agreement, nor receiving any documents or other information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" merits protection as Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"; or (3) as to the authenticity, competency, relevance, materiality, or admissibility of any information or document designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**13.   Inadvertent Production.**

The Parties agree that inadvertent production of documents or information subject to any applicable privilege, including but not limited to the attorney-client privilege or work product doctrine, despite reasonable efforts to screen such documents and information prior to production, does not waive such applicable privilege or protection, provided a request for return of such documents or information is made promptly upon learning of such inadvertent production. Once a request for the return of inadvertently produced documents has been made, the receiving party shall, within ten calendar days, return the inadvertently produced materials, and all copies of those materials that may have been made, and any notes regarding those materials shall be destroyed. If a party, through inadvertence, has produced any Confidential Information without labeling or otherwise designating it as such in accordance with terms of this Stipulated Agreement, the

producing party may request that the document or information previously produced without such designation be deemed as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by giving written notice. The receiving party shall treat the documents or information accordingly upon being notified as such. Any disclosure prior to receipt of such notice to persons not authorized under this Stipulated Agreement shall not be considered a violation of this Stipulated Agreement, provided that the disclosing party promptly retrieves such later-designated Confidential Information and notifies the other party in writing of all the persons to whom such disclosure was made and the scope and extent of such disclosure. For purposes of this Stipulated Agreement, inadvertent production refers to circumstances where the producing party took reasonable precautions, but an error was made in the production of the information without the knowledge of the producing party's attorney.

14.   **No Waiver of Privilege or Other Objections.**

Nothing in this Stipulated Agreement shall require disclosure of material that counsel for a party contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity doctrine, or any other legal privilege. Moreover, the Parties hereto specifically reserve the right to object to, or to seek a protective order concerning, the disclosure of any Confidential Information. Nothing in this Stipulated Agreement shall be construed as a waiver of the right of any party to object to the taking or the admissibility of any testimony, documents, or other evidence where such objection is based on grounds other than that the testimony, documents or evidence involves Confidential Information. The Parties hereto specifically reserve the right to raise all appropriate objections, such as relevancy, to any request for testimony, documents or other evidence, or the admissibility thereof.

///

///

**15.   Disclosure in Violation of Stipulated Agreement.**

(a)   If any Confidential Information is disclosed to any person other than in the manner authorized by this Stipulated Agreement, the party responsible for the disclosure must immediately inform all other Parties of all facts pertinent to the disclosure, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Confidential Information.

(b)   If any party receives a subpoena or document request from a government agency or third party in a judicial or administrative proceeding that calls for the production of documents produced by the other party, the receiving party shall promptly inform the producing party in writing of the subpoena or request. A party receiving a subpoena shall not produce responsive documents unless the subpoenaed party has given notice to, and allowed ample opportunity for the other party to seek appropriate relief, as governed by the rules, law, and other legal authority applicable to the subpoena.

**16.   Modification—Further Agreements.**

Any party may seek modification of this Stipulated Agreement upon proper notice or enter into other written agreements designed to protect Confidential Information.

///

///

///

|   |   |
|---|---|
|   | Respectfully submitted,<br>LAW OFFICES OF RON BOCHNER |
| Dated: September 24, 2015 | By:   /s/ Ron K. Bochner<br>Ron K. Bochner |
|   | Attorney for Plaintiff |
|   | KIMBALL TIREY & ST. JOHN LLP |
| Dated: September 24, 2015 | By:   /s/ Erik S. Velie<br>Erik S. Velie |
|   | Attorneys for Defendant |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 9/30/15, ~~2015~~

Hon. Patrick J. Walsh
U.S. District Judge

# EXHIBIT A

I, _____, declare that:

I have been given a copy of and have read the Stipulated Agreement and [Proposed] Protective Order ("Stipulated Agreement") entered in the case entitled: *Andy Jang v. Asset Campus Housing, Inc.,* Case No. 2:15-cv-1927 BRO (PJWx) (United States District Court, Central District of California). I agree to abide by the Stipulated Agreement and not to reveal or otherwise communicate to anyone or utilize any of the information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that is disclosed to me except in accordance with the terms of such Stipulated Agreement. I acknowledge that any intentional violation of the Stipulated Agreement may be punishable as contempt of the Court or through monetary sanctions ordered by the Court, or both.

DATED:_____   _____
                                    Signature

# PROOF OF SERVICE

I, Holly Foreman, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Orange, California, in which county the within-mentioned mailing occurred. My business address is 2040 Main Street, Suite 500, Irvine, California 92614.

On September 25, 2015, I served the following document(s):

**STIPULATED AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

on the following parties:

Ron K. Bochner, Esq.
LAW OFFICES OF RON BOCHNER
232 E. Anapama Street
Santa Barbara, CA 93101
Email: robolaw@justice.com

    **(BY MAIL)** I placed a true and correct copy of the document(s) in a sealed envelope addressed as follows and I caused the envelope to be deposited in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid.

XX    **(BY ELECTRONIC SERVICE)** I caused such document(s) to be electronically served through NEF to the above electronic notification addresses. The file transmission was reported as complete and a copy of the "NEF Filing Receipt" page will be maintained with the original document(s) in our office.

    **(BY OVERNIGHT MAIL)** I placed a true and correct copy of the document(s) in a sealed envelope addressed as follows and I caused the envelope to be deposited with GSO at Irvine, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 25, 2015, at Irvine, California.

                                          /s/ Holly Foreman
                                          Holly Foreman